IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-CT-3297-F

| | |
|---|---|
| RODERICK BETHEA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| CARLTON JOYNER, *et al.*, ) | |
| ) | |
| Defendants. ) | |

On December 1, 2014, Plaintiff filed this action pursuant to 42 U.S.C. § 1983, alleging that Defendants violated his constitutional rights. Compl. [DE-1]. Plaintiff has requested leave to proceed without prepayment of the full civil filing fee [DE-2]. The matter is now before the undersigned for frivolity review pursuant to 28 U.S.C. § 1915(e)(2)(B). In reviewing an *in forma pauperis* application, a court "shall dismiss" any case that is "frivolous or malicious," that "fails to state a claim on which relief can be granted," or that "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). A case is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

Here, Plaintiff contends that, while he was incarcerated at Central Prison[1], he was the "victim of repeated assaults" by gang members because Defendants were deliberately indifferent to the threat these gang members posed to his safety. Compl. [DE-1-1], pp. 1-2. It does not clearly appear from the face of the complaint that Plaintiff's claim is frivolous. Thus, the court will allow the case to

---

[1] Plaintiff is now incarcerated at Warren Correctional Institution [DE-6].

1

proceed, and the Clerk of Court is DIRECTED to maintain management of Plaintiff's complaint.

Plaintiff has also requested the entry of a temporary restraining order [DE-2]. Temporary restraining orders are governed by Rule 65 of the Federal Rules of Civil Procedure, which provides that a temporary restraining order shall not issue in the absence of "specific facts . . . [which] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A). The United States Supreme Court has stated that the movant must establish the following to obtain a temporary restraining order or a preliminary injunction: (1) that he is likely to succeed on the merits; (2) that he is likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in his favor; and (4) that an injunction is in the public interest. Winter v. Natural Resources Defense Council, Inc., 555 U.S. 7, 20 (2008).

Although Plaintiff's complaint survived frivolity review, he has not demonstrated that he is likely to succeed on the merits, nor has he alleged facts necessary to demonstrate that he likely would suffer irreparable harm if his motion is not granted. Further, the public interest is best served if courts do not get involved with the daily operations of a prison, especially prior to the finding of a constitutional violation. See Florence v. Bd. of Chosen Freeholders of County of Burlington, __U.S.__, 132 S. Ct. 1510, 1517 (2012) (indicating that "correctional officials must be permitted to devise reasonable search policies to detect and deter the possession of contraband in their facilities" and that "in the absence of substantial evidence in the record to indicate that the officials have exaggerated their response to these considerations courts should ordinarily defer to their expert judgment in such matters") (quotation marks and citation omitted); Cash v. Thomas, No. 6:12-1278-DNC-KFM, 2013 WL 1826619, at *2 (D.S.C. Apr. 8, 2013). Moreover, Plaintiff's request for

2

injunctive relief is moot because he is no longer housed at Central Prison. See Williams v. Griffin, 952 F.2d 820, 825 (4th Cir.1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir.1983). Accordingly, Plaintiff has not demonstrated that his request for a temporary restraining order is in the public interest, and the balance of equities is in favor of Defendants. Plaintiff's motion for a temporary restraining order [DE-4] is DENIED.

## CONCLUSION

The Clerk of Court is DIRECTED to maintain management of Plaintiff's complaint. Plaintiff's motion for a temporary restraining order [DE-2] is DENIED. Finally, the court further ORDERS as follows:

1. The clerk shall manage the action pursuant to Standing Order 14-SO-02.

2. If service on any Defendant pursuant to the standing order fails, the court DIRECTS the United States Marshal Service to make service pursuant to 28 U.S.C. § 1915(d).

SO ORDERED. This the 16th day of January, 2015.

_James C. Fox_
JAMES C. FOX
Senior United States District Judge

3